IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, <br> TDCJ No. 1169005, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2559-L-BN |
| MR. BOWERS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Jerome Jones, a Texas prisoner proceeding *pro se*, brings claims that are difficult decipher but appear related to grievances (concerning a clogged sink, a flooded toilet, and pest abatement) that Jones filed at the facility where he is incarcerated. *See* Dkt. No. 2. Jones also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Jones's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $402.00.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility,

they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Jones is subject to this three-strikes bar. *See Jones v. Spurlock*, No. 3:19-cv-66-G-BT (N.D. Tex.), Dkt. No. 6 at 2 (finding that Jones "has accrued three strikes under § 1915(g)" (citing *Jones v. Bd. of Pardons & Parole*, No. 18-11555 (5th Cir. Jan. 4, 2019) (finding that he was barred from proceeding IFP due to three strikes and dismissing appeal for failure to pay the filing fee))); *id.*, Dkt. No. 9 (judgment dismissing Jones's action as barred by Section 1915(g)).[1]

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to

---

[1] *See also, e.g.*, *Jones v. Roberts*, No. 9:19-CV-65, 2019 WL 2521141 (E.D. Tex. May 15, 2019), *rec. adopted*, 2019 WL 2515316 (N.D. Tex. June 17, 2019) (recognizing that Jones is barred by Section 1915(g)); *Jones v. Hutto*, No. 3:19-cv-1359-N-BN, 2019 WL 3307068 (N.D. Tex. June 11, 2019), *rec. accepted*, 2019 WL 3304791 (N.D. Tex. July 23, 2019) (same); *Jones v. Johnson*, No. 9:19-CV-95, 2019 WL 3782137 (E.D. Tex. June 10, 2019), *rec. adopted*, 2019 WL 3776375 (E.D. Tex. Aug. 10, 2019) (same).

file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Jones's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical

injury as to overcome Section 1915(g). The Court should therefore bar Jones from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

And, insofar as Jones, convicted by a state court in this district, is not incarcerated in this district and venue may therefore not be proper in this district, *see* 28 U.S.C. § 1391(b), transfer of this case would not be in the interest of justice for the reasons set out above, *see id.* §§ 1404(a), 1406(a). Nor does the improper venue statute protect Jones from his choice of the wrong venue. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.").[2] But, if Jones does pay the filing fee or if the Court otherwise finds a basis to serve his complaint, venue could be revisited at that time.

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Plaintiff Kevin Jerome Jones pays

---

[2] *Cf. Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam) ("When a case is filed in the wrong venue, 28 U.S.C. § 1406(a) instructs district courts either to dismiss or, 'if it be in the interest of justice,' to transfer to a district where venue is proper. Section 1406(b) adds that '[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue.' Like personal jurisdiction, venue is 'designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.' Therefore, 'a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.' Where defendants waive their objection to venue, as they did in this case, 28 U.S.C. § 1406(a) affords plaintiffs no relief." (citations omitted)).

the full filing fee of $402.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE